Macedon and Bristol Plank Road Co. *v.* Snediker.

———————◆———————

## THE MACEDON AND BRISTOL PLANK ROAD COMPANY *vs.* SNEDIKER.

After the organization of the plaintiff as a corporation, under the general plank road act, the following paper was signed by several individuals, among whom was the defendant, with the sum of $300 set opposite his name: " Provided the Macedon and Victor plank road crosses at B., and passes through by C., we agree to take stock to the amount set opposite our several names." At the time this paper was executed, there was no valuable consideration given by the company, nor was any agreement entered into by them to locate and build the road in the manner specified, as a consideration for the defendant's agreement. *Held*, that the agreement of the defendant, contained in the paper, was void, for want of a consideration to support it, and because there was. an entire want of mutuality.

*Held also*, that the agreement was void, as a subscription for stock, on the ground that it was *conditional*, and was contrary to *public policy*.

In case of mutual promises, where the promise of one party is the consideration for that of the other, the promises must be concurrent, and obligatory upon each *at the same time*, in order to render either binding.

THIS action was brought against the defendant to recover the sum of $300 and interest upon an instrument in writing, in the following words :

" Provided the Macedon and Victor plank road crosses at Brownsville and passes through by Conover's, we agree to take stock to the amount set opposite our several names." This paper was signed by a number of persons, with various amounts carried out opposite their names respectively, among which was the name of the defendant with the amount $300 carried out opposite his name. Upon the trial, at the Ontario circuit in February, 1853, the plaintiffs proved their organization and corporate existence, and also proved the execution by the defendant of the said instrument, in writing, some time in December, 1849, or January, 1850. There was considerable other evidence given, but nothing to show any agreement by the defendant to subscribe for or take any stock in the said plank road company, except what appears by the said instrument in writing. After the evidence was closed on the part of the plaintiff, the defendant moved for a nonsuit, which was granted. The plaintiffs now moved to set aside the nonsuit, and for a new trial.

*S. V. R. Mallory,* for the plaintiffs.

*E. G. Lapham,* for the defendant.

*By the Court,* WELLES, J. The agreement of the defendant, upon which the plaintiffs rely, created no liability on the part of the former, for the reason that, at the time it was made, there was no consideration to support it. It was nothing more than a proposition on the part of the defendant and others to take certain amounts of stock, provided the road should cross at Brownsville, and pass through by Conover's. At the time this paper was executed by the defendant, there was no valuable consideration given by the company, and no agreement entered into by them, as a consideration for the agreement by the defendant. There was an entire want of mutuality—nothing was given by the com-

Macedon and Bristol Plank Road Co. *v.* Snediker.

pany and nothing binding on their part. The fact that the company afterwards located and built the road agreeably to the conditions of the subscription, of itself, amounts to nothing, as it does not appear that at the time the defendant executed the agreement, the company agreed, as the consideration therefor, thus to locate and build the road. In case of mutual promises, where the promise of one party is the consideration of that of the other, they must be concurrent and obligatory upon each at *the same time*, in order to render either binding. The case is not distinguishable in principle from those of *The Utica and Schenectady Railroad Company* v. *Brinckerhoff*, (21 *Wend.* 139 ;) *Burnet* v. *Bisco*, (4 *John.* 235 ;) and *Cooke* v. *Oxley*, (3 *T. R.* 653.)

I think, also, the agreement was void as a subscription for stock, on the ground that it was conditional, and as being contrary to public policy. This company was organized under the general plank road statute. (*Laws of* 1847, *ch.* 210.) The first section provides how persons shall become subscribers for stock. They are to subscribe the articles of association—
" each subscriber to such articles of association shall subscribe thereto his name and place of residence, and the number of shares taken by him in said company," &c. No power is conferred to make conditions. The franchises given by the act embrace the right in the corporations thereby authorized, to take private property without the consent of the owner. This the legislature has not the power to do, except on the supposition that it is for *public use*. The public, therefore, have an interest, and it is their right to insist that the spirit as well as the letter of the act be substantially complied with and observed ; and any act or proceedings which tend to hinder or thwart the general policy or intention of the act, are necessarily void.

The policy and spirit of the act, among other things, is to have the road located in such manner as shall best subserve the interests of the traveling community generally. Subscriptions based upon such conditions as are annexed in this case would have an opposite tendency, and lead to a location of the road re-

gardless of the public interests. (*Butternuts and Oxford Turn-pike Co.* v. *North,* 1 *Hill,* 518.*)*

My opinion therefore is, that the motion to set aside the non-suit should be denied.

Ordered accordingly.

[MONROE GENERAL TERM, September 4, 1854. *Johnson, T. R. Strong* and *Welles,* Justices.]