(83 App. Div. 295.)

HOWIE et al. v. KASNOWITZ.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. CONTRACTS—SEAL—PRESUMPTION AS TO CONSIDERATION.
    Where a contract is under seal, a consideration will be presumed, and the burden of showing a want thereof is on the party seeking to avoid performance on that ground.

2. CONTRACT OF SALE—EXECUTORY CHARACTER—INDEFINITENESS—ENFORCEABILITY.
    Plaintiffs and defendant contracted, under seal, the first to make a tin purse frame "known as 'Style No. 27 B,' and to deliver the same to defendant, for a price not to exceed $1.10 per gross," adding a 25 per cent. profit; and defendant, to take all of the frames which plaintiffs should make. The contract remained executory. Held too indefinite and uncertain to be enforced.

3. SAME—PERFORMANCE—SUFFICIENCY OF ALLEGATION.
    An allegation of a breach of a contract for manufacture and sale, that the purchaser, on a certain date, "refused to live up to said agreement and comply with the provisions thereof, and since then refused to take from plaintiffs merchandise, by the plaintiffs for the defendant manufactured in pursuance of said agreement, and in all respects continues to refuse to comply with the agreement by her to be performed," is insufficient to show that plaintiffs ever manufactured any of the articles required, or tendered them to the purchaser.

¶ 1. See Contracts, vol. 11, Cent. Dig. § 406.

Appeal from Special Term, New York County.

Action by David Howie and others against Rachel Kasnowitz. From a judgment sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Chas. G. F. Wahle, for appellants.

J. Charles Weschler, for respondent.

INGRAHAM, J.   The action is brought to recover for a breach of a contract, in writing and under seal. By this contract the plaintiffs agreed to make of tin a certain purse frame known as "Style No. 27 B," and to deliver the same to the defendant for a price not to exceed $1.10 per gross of said frames, and to add a profit of 25 per cent.; that the defendant should take all of the said frames that the plaintiffs should make; and the plaintiffs were not to inform any person or firm, and not even to sell to any other person or firm, unless they should charge a profit of not less than '50 per cent. The plaintiffs agreed that they would commence to deliver the said frames not later than within six weeks from the day and date of the contract, and that, in case they should not be able to fill their part of the contract, they should not be subject to a suit for a breach thereof. The complaint alleges that it was further agreed by and between the plaintiffs and the defendant herein that the contract set out in paragraph 2 thereof was to cover and extend over a period of one year from the date thereof, and that the price of the purse frames in said agreement referred to shall be $1.32 per gross.

There is no allegation that the plaintiffs ever manufactured any of these articles or tendered them to the defendant, the allegation of a breach being that on or about the 1st of November, 1900, the defendant refused to live up to said agreement and comply with the provisions thereof, and since then refused to take from the plaintiffs merchandise by the plaintiffs for the defendant manufactured in pursuance of said agreement, and in all respects continues to refuse to comply with the agreement by her to be performed.

The agreement being under seal, a consideration was presumed, and, while the parties were not precluded from showing that there was actually no consideration, the lack of consideration was an affirmative defense, which must be pleaded by the party seeking to avoid the performance of the contract on that ground. Upon a demurrer to the complaint, therefore, a consideration must be presumed. The demurrer below was sustained upon the ground that the contract alleged was void for want of mutuality, as the plaintiffs nowhere agree to manufacture any given number of articles, or to manufacture any at all. In the contract the plaintiffs agree to make a certain purse frame known as "Style 27 B," and to deliver the same to the defendant for a price not to exceed $1.10 per gross, with a profit added of 25 per cent. That seems to be the only substantial obligation assumed by the plaintiffs, and while a consideration must be presumed upon this demurrer, as the plaintiffs never agreed to

manufacture any particular number of these articles, and as there was no express obligation imposed upon the defendant to accept and pay for any specified number of the articles, there can be no implied obligation on the part of the plaintiffs to do anything under the contract. The contract being entirely executory, imposing no obligation upon the plaintiffs, and no obligation of the defendant to take any particular number of these manufactured articles, it would seem that there was no valid contract which imposed an obligation upon either party. A different question would arise if the plaintiffs had manufactured under this contract the articles specified, and had tendered them to the defendant, who had refused to accept them; but there is no allegation that the plaintiffs did anything under the contract, that they manufactured any of the articles that it was contemplated the defendant should accept and pay for, or that the contract was in any respects executed by either of the parties. The whole contract was so indefinite and uncertain that it cannot be enforced. The Chicago & G. E. R. R. Co. v. Dane, 43 N. Y. 240. The contract being under seal, it is doubtful whether the further agreement alleged could modify it. The rule is well settled that a contract or covenant under seal cannot be modified by a parol unexecuted contract. McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458, 8 L. R. A. 257, 17 Am. St. Rep. 638.

It follows that the judgment appealed from should be affirmed, with costs, with leave to plaintiff to amend on payment of costs in this court and in the court below. All concur.