JOSEPH H. REMMEY, Appellant, *v.* CHARLES H. VAN DE CARR, Respondent.

Third Department, March 7, 1917.

Contract — negotiable instruments — oral agreement to pay promissory note if maker does not pay — evidence not establishing binding promise — oral promise to pay debt of partnership if defendant should pay same — offer to indemnify defendant not accepted by him.

Where a defendant, sued upon a promissory note, counterclaims on an alleged oral promise of the plaintiff to pay another promissory note made by a copartnership of which he was a member, if it were not paid by the partnership at maturity, the plaintiff's alleged promise is not established by testimony of the defendant that the plaintiff agreed to pay "all he endorsed for; all he signed for," for such evidence merely indicates a promise by the plaintiff to pay obligations which he actually indorsed or signed.

Nor is the plaintiff's promise to the defendant to pay for goods sold by a third person to the partnership of which he was a member, which claim the defendant subsequently acquired by assignment, established by testimony that the plaintiff, being sorry to see the seller of the goods lose, said that he would pay the defendant if the defendant would pay for the goods, if, in fact, the plaintiff's offer to the defendant was never accepted by him and he did not in any way obligate himself to buy the claim. This, because, as there was no obligation on the defendant to purchase or pay the claim, no obligation was imposed on the plaintiff for a breach of which an action would accrue in the defendant's favor, especially where the defendant did not purchase the claim against the plaintiff's partnership until one year after the plaintiff's proposal.

Where the promise of one party is the consideration for that of another they must be concurrent and obligatory upon each at the same time in order to render either promise binding.

Moreover, assuming that the plaintiff promised to pay said claim if the defendant paid it, his obligation as between himself and the defendant

was merely to indemnify the latter, and it was error to allow the jury to award the defendant the full amount of said claim where there is no evidence whatever as to the amount he actually paid for the assignment thereof to him.

WOODWARD, J., dissented.

APPEAL by the plaintiff, Joseph H. Remmey, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 17th day of April, 1915, upon the verdict of a jury, and also from an order entered in said clerk's office on the 8th day of May, 1915, denying plaintiff's motion for a new trial made upon the minutes.

*Earl Barkhuff,* for the appellant.

*E. H. Goodstein* and *Joseph P. Coughlin,* for the respondent.

SEWELL, J.:

This action was brought to recover $1,050 and interest, the amount due on the promissory note set out in the complaint. The answer admits the making of the note and alleges, by way of counterclaim, that while the plaintiff was a member of the firm of Simkins & Remmey, he executed and delivered to the defendant a promissory note, dated October 9, 1913, wherein the said firm for value received promised to pay to the defendant $300 and interest two months from the date thereof; that the plaintiff " at that time, agreed with the above named defendant that if the said note was not paid at maturity, that he would be personally responsible therefor and pay the amount thereof to defendant," and that when the note became due it was not paid and it remains wholly due and unpaid.

It also alleges that between the 10th day of February and the 19th day of April, 1913, one William Beebe sold and delivered to the firm of Simkins & Remmey, goods, wares and merchandise of the agreed value of $584.17; that when the account became due no part was paid; that prior to the commencement of this action the said account was duly assigned and transferred to the defendant who is the owner thereof; " that the said plaintiff agreed with the said defendant, that if the said account were not paid by the said firm of Simkins & Remmey, that he personally, would be responsible therefor

and would pay the amount thereof to this defendant," and " that the said firm of Simkins & Remmey have no assets from which payment of the amount due this defendant can be paid, liquidated or discharged."

The plaintiff's reply admits the making and delivery of the note for $300, but puts in issue the other allegations of the counterclaims.

The jury rendered a verdict in favor of the plaintiff for $127.33, which was increased by the stipulation of the defendant, upon the motion for a new trial, to $327.33.

The defendant testified upon his direct examination that, at the time the note was made, the plaintiff handed him the note and said, " I will pay all I agree to for Simkins & Remmey," and upon his cross-examination, in answer to the question: " Didn't you swear, in your answer in this case, that at that time Mr. Remmey agreed with you that he personally would pay this note if the firm did not," he answered, " He agreed to pay it, yes, sir, all he endorsed for; all he signed for." It seems to me impossible to say from this evidence that the plaintiff agreed to pay the note or that he would be personally responsible for it. On the contrary, it leads to the opposite conclusion, that he would only pay obligations actually indorsed or signed by him.

It is equally impossible to find any evidence establishing the fact that the plaintiff agreed to become personally responsible for Beebe's account or claim, or would pay the amount thereof to the defendant. The only evidence offered in support of this contention was the defendant's. His statement is as follows: The plaintiff said "he felt very sorry for Mr. Beebe, that there were no funds there to pay that bill. * * * He said he would pay it himself rather than see Mr. Beebe lose. * * * He said he only wished he could raise the money to pay Mr. Beebe. * * * He said if I would pay it he would pay me. That is all."

The defendant was unable to state when or where this conversation took place. He testified: "I don't remember the time or place, but just as we were casually walking the street together, * * * on State street; * * * sometimes on Green street; maybe in Keeler's." When pressed as to the

time, he said along in the summer of 1913, before the $300 note was given. He was asked the direct question, "Did Mr. Remmey ever ask you to pay the Beebe bill ?" and he replied, "He asked me to — if I didn't think it safe to let him have the money to pay it."

When asked by his counsel if he paid the bill to Beebe he answered, "I think some of my money went towards that bill, yes, sir." Upon cross-examination he was asked what he paid Beebe when he took the assignment of the bill, and his counsel objected to the evidence on the ground that it was immaterial; that the consideration could not be inquired of.

Assuming that the plaintiff said all that is claimed and that it amounted to a proposition or an agreement on his part to pay the Beebe claim if the defendant would pay or purchase it, it was not a binding agreement as there was absolutely no proof tending to show that the defendant, at the time of these statements or at any other time, agreed to pay Beebe or to purchase his claim.

No proof was given which showed that the defendant assented to the plaintiff's proposition. Had he done so, a contract mutually obligatory would have resulted therefrom, for the breach of which by either party the other could have maintained an action for the recovery of the damages thereby sustained. But the defendant did not so accept. He did not bind himself to pay or purchase the claim, and hence there was no mutuality of obligation. It was, in itself, but a mere proposal of a contract. There was no obligation of the defendant to purchase or pay the Beebe claim, and, therefore, there was no obligation assumed by the plaintiff, for a breach of which a cause of action would accrue in favor of the defendant against the plaintiff. (*Chicago & G. E. R. Co.* v. *Dane,* 43 N. Y. 240; *Coe* v. *Tough,* 116 id. 273; *Barrow Steamship Co.* v. *M. C. R. Co.,* 134 id. 15; *Howie* v. *Kasnowitz,* 83 App. Div. 295; *Commercial Wood & C. Co.* v. *Northampton P. C. Co.,* 115 id. 388; *Jackson* v. *Alpha P. C. Co.,* 122 id. 345.)

In *Macedon & Bristol P. R. Co.* v. *Snediker* (18 Barb. 319), adopted and cited in *Coe* v. *Tough,* it was held that "In case of mutual promises, where the promise of one party is the consideration of that of the other, they must be concurrent and

obligatory upon each at the same time in order to render either binding." The same doctrine was asserted in *Chicago & G. E. R. Co.* v. *Dane* (*supra*).

It was said in *Levin* v. *Dietz* (194 N. Y. 378): "It has sometimes been intimated in earlier cases in other jurisdictions, if not in this State, that the mere physical acceptance and attempted enforcement by one party of a contract unilateral in form executed by another made the former a party to and bound by the contract. This doctrine, however, has not been adopted or affirmed by later decisions in this State even if elsewhere."

It is to be observed that in the present case it was not pretended that when the defendant purchased the account a year or more after the alleged agreement was made, he did so in consequence of the plaintiff's proposal, or that he had the plaintiff or his statement in mind at that time.

It is clear, I think, that the alleged agreement was lacking in that mutuality of obligation which is essential to a legal obligation, but aside from that we can see no opportunity to claim that the plaintiff was liable for the full amount of the Beebe bill. The agreement, as claimed by the defendant, was to pay Beebe's bill if the defendant paid it. His obligation as between him and the defendant, therefore, was to indemnify the defendant. However that may be, if we assume that the contract imposed an obligation upon the plaintiff, the measure of damage for the breach of the contract was the amount actually paid to Beebe by the defendant, and not the amount of his claim. There being no adequate or satisfactory proof of the sum paid, it cannot for a moment be contended that the amount of damages awarded is sustained by the evidence contained in the record.

The judgment and order appealed from should, therefore, be reversed and a new trial granted, costs to abide the event.

All concurred, except WOODWARD, J., who dissented.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.