By the Court.
 

 The referees must first exercise their judgment, upon the lights they have received ; and the question, being afterwards brought regularly before us, we will determine, whether they have acted right or not. It would not only be an inconvenient practice, but, in a great degree, destructive of the principle and uses of a reference, if such applications were to be complied with ; and therefore, we think it is proper to avoid establishing a precedent,
 

 (a)
 

 (a)
 

 Afterwards, in June term 1789, the point of law was argued on the report of the referees. The action was brought against the defendant, as administrator of Robert Smith, on a bond taken by Geyer from the administrator, for the intestate’s debt, naming himself administrator. The question was, whether the plaintiff, on the judgment against the administrator on this bond, could take the estate of the intestate in execution ?
 

 It was argued by
 
 Sergeant, Fisher
 
 and
 
 Wilson,
 
 that he could not; it being the proper debt of the defendant himself, and they cited several authorities.
 

 Ingersoll,
 
 on the part of the plaintiff, said, that on considering the law, he had no encouragement to argue it.
 

 Shipper, President. — The case having been broke at the last court, I have looked into the point, and find other cases than those cited at the bar, which show, that a creditor taking a bond from the executor or administrator, discharges the old debt; that the calling himself executor or administrator, in the bond, is surplusage, and that he is thargeable only in his own right. 1 Mod. 225; 10 Id. 254; Cro. Eliz. 406; 9 Co. 93; Vin., Ex., 304.
 
 [1]
 

 [1]
 

 See Grier
 
 v.
 
 Huston, 8 S. & R. 405; Commonwealth
 
 v.
 
 Shryock, 15 Id. 69; Durling
 
 v.
 
 Neigh, Id. 114; Shields
 
 v.
 
 Owen, 1 Rawle 72.