PINNEY *vs.* THE ADMINISTRATORS OF SMITH JOHN-
SON, deceased.

A judgment against administrators upon *bond and warrant of attorney,* exe-
cuted by them, does not bind the estate of the intestate, so that it can be
taken upon an execution issued thereon; nor can such judgment be pleaded
by the administrators in support of a plea of *plene administravit præter* &c.

DEMURRER to replication. The declaration is of February
term, 1828, and contains counts on two promissory notes made
by the *intestate,* and also the money counts. The defendants
plead *first* the *general issue,* and *second* a *special plea,* setting
forth 1st, an outstanding debt by *bond* from the intestate to
A. B., on which there is due $532, and 2d, that one D. Sprague,
after the death of the intestate, to wit, in October term, 1827,
by bill, impleaded the defendants, as administrators of the intes-
tate, in a plea of debt for $4473,26, due and owing to Sprague
from the defendants, as administrators for *certain promises and
undertakings made with (by) the said Smith Johnson in his
life-time;* that such proceedings were thereupon had that
Sprague afterwards, to wit, on the 22d January, 1828, recov-
ered against the defendants *as administrators aforesaid* his said
debt, and also $14,59 costs, to be levied of the *goods and chat-
tels of the intestate* in the hands of the defendants, to be admin-
istered if, &c. and if not, then the costs of their proper goods
and chattels; that such judgment was obtained for *a true and
just debt due and owing to Sprague by the intestate,* and for cer-
tain liabilities Sprague had incurred for the intestate, and that
at the time of the rendition of the judgment, there was due
and owing to Sprague $2251,22; that when such judgment
was obtained, the defendants had *fully administered* all the
goods and chattels of the intestate which had come to their
hands, except $1, which was insufficient to pay the bond set
forth in the plea and the judgment in favor of Sprague. The
plaintiff *replies* that the defendants had sufficient assets to pay
the *bond* set forth in the plea, and also the *damages* claimed by
the plaintiff; and as to the judgment obtained by Sprague,
that after the death of the intestate, and *after the commencement*

*of this suit,* to wit, on the 19th January, 1828, *the defendants*   ALBANY,
executed a *bond and warrant of attorney* to Sprague, describing   Jan. 1832.
themselves therein *as the administratrix and administrator of*   Pinney
*the intestate,* in the penal sum of $4473,26, conditioned for the   v.
payment of $2236,63, and that the judgment in favor of   Administrators of Johnson.
Sprague was rendered upon, and by virtue of such bond and
warrant.   To this replication the defendants *demur.*

*D. Burwell,* for defendants.   The replication is bad.   Ad-
ministrators may give preferences by confessing judgments.
The manner in which it is done is immaterial; if the judg-
ment confessed be *bona fide,* it will be sustained.   5 T. R. 235.
1 Ld. Raym. 589.   2 Atk. 386.   14 Johns, R. 446.   2 Kent's
Comm. 336.   2 Shep. Touch. 475.   3 Wendell, 305, and cases
cited.   5 Taunt. 665, 333.

*N. S. Benton,* for the plaintiff.   The defendants having
bound themselves *personally* to pay Sprague, cannot set up
the bond executed by them, or the judgment entered thereon,
as protecting them in their *representative* character.   An ad-
ministrator cannot charge the *assets* in his hands by any con-
tract originating with himself.   1 Mass. R. 58.   8 id. 199.
Naming himself *administrator* in a bond executed by himself
is *surplusage;* he is chargeable in his own right, and the
plaintiff, in a judgment on such bond, cannot take the estate
of the intestate in execution; by accepting the bond, he dis-
charged the debt against the intestate.   1 Dallas, 347, n.   The
counsel also cited 6 Mass. R. 108, 190 ; Strange, 20 ; 8 Johns.
R. 120 ; 2 Cowen, 781; 2 Selwyn, 591, 5; 1 Maule & Selw.
395; 5 T. R. 7 ; 6 id. 453 ; Toller's Law of Exrs. 463 ; Cowp.
R. 289, 293; 7 Bro. Par. Cas. 551 ; Cro. Eliz. 91 ; 1 Vesey,
125 ; 2 Brod. & Bing. 460 ; 14 Johns. R. 446.

*Burwell,* in reply.   The replication admits the amount due
to Sprague, and that the judgment was rendered for a true
and just debt due to him; if the plaintiff denied the *bona fides*
of the judgment, he should have replied *per fraudem.*   1 Star-
kie. 252.

ALBANY,
Jan. 1832.

Pinney
v.
Administrators
of Johnson.

*By the Court,* SUTHERLAND, J.   It seems to be well settled upon authority, that a judgment upon a bond or other security given by an *administrator* or *executor*, though in his *representative character*, does not bind the estate which he represents, nor can it be taken upon the execution issued thereon. The description of the defendants in the bond as executors or administrators, is surplusage, and they are chargeable upon such a bond and judgment only in their own right.   It is their personal contract, and whatever their rights may be, under such a bond or judgment if paid by them, in their settlement with the estate which they represent, it is not a legal debt or judgment against such estate, and cannot be pleaded as such. *Geyer* v. *Smith,* 1 Dall. 347; 1 Mod. 225; 10 id. 254; Croke Eliz. 406; 9 Coke, 93; 6 Mass. R. 58; 8 id. 199, where the doctrine upon this subject is very elaborately discussed.   1 Maule & Selw. 395.   7 Taunt. 580.   8 Johns. R. 120.   If the bond and warrant of attorney could be considered merely as the means of confessing a judgment, then such a judgment would stand upon the same footing with a judgment by *cognovit,* and would be *de bonis testatoris ;* but the bond is a security entirely independent of the warrant of attorney, and the debt of the intestate for which it was given is merged in the bond, and becomes the individual debt of the obligors.   The replication is therefore good, and the plaintiff is entitled to judgment upon the demurrer, with leave to the defendant to rejoin, on payment of costs.