## GOULD *vs.* RAY.

Where a replication contains two distinct matters in avoidance of the plea, either of which is a good and perfect answer, the defendant is not bound to *demur* for *publicity* or to answer to *both* matters, but may take issue upon either of the matters set up in avoidance.

If, however, such issue be found for the defendant, and the other matter set forth in the replication which remained unanswered and was of course admitted, be decisive of the merits of the case, the plaintiff will be entitled to judgment *non obstante veredicto.*

Thus where, to a plea by an executrix of an outstanding judgment and *plene administravit præter*, the plaintiff replied that the judgment was *voluntarily confessed* by the executrix by bond and warrant since the commencement of his suit, *and also* that it was *fraudulently confessed,* and the executrix took issue upon the question of fraud, the court, notwithstanding a verdict was found for the executrix upon the issue thus joined, rendered judgment for the plaintiff.

Where, upon such an issue found for the defendant, the common pleas rendered judgment in her favor for costs of defence, this court on writ of error *reversed* the judgment, and advised the common pleas to render judgment for plaintiff *non obstante.*

Evidence of facts, admitted by the pleadings, is inadmissible.

ERROR from the Monroe common pleas. J. and S. P. Gould declared in the court below against Sally Ray, *executrix*, &c. of Isaac Ray, deceased, on a promissory note made by the testator, and for goods sold to him in his lifetime. The defendant *pleaded*, 1. The general issue ; and 2. A judgment obtained against her by one John Harford for $832, for a debt justly due to him by the testator in his lifetime, and *plene administravit*, except $100, which is not sufficient, &c. The plaintiffs *replied* that the judgment obtained by Harford was rendered after the commencement of this suit, and was voluntarily confessed, without processs, *on a bond and warrant of attorney*, executed by the defendant *after the commencement of this suit* ; and that the same was had and obtained by the fraud and covin of the defendant, and with the intent to defraud the plaintiffs of their debt ; and that the defendant had sufficient goods and chattels to be administered, &c. The defendant *rejoined* that the judgment in favor of Harford was not had and obtained *by fraud or covin.* Upon these pleadings

NEW YORK, the parties went to trial, and the plaintiffs offered to prove that
May, 1835. the judgment in favor of Harford was rendered long after the
Gould      commencement of this suit; that it was voluntarily confessed
v.         without process, by virtue of a bond and warrant of attorney
Ray.       executed by the defendant since the commencement of this
suit. Which evidence was objected to by the defendant as ir-
relevant and immaterial, and the objection was sustained by
the court. The jury found a verdict for the plaintiffs upon
the *first issue* for $103,22, and upon the *second*, that the
judgment in favor of Harford was not obtained by fraud or
covin. Judgment *quando acciderint* was entered for the
plaintiffs for their damages and costs, and judgment for the
*costs of the defence* was rendered in favor of the defendant.
The plaintiffs sued out a writ of error.

*A. Sampson*, for the plaintiffs in error. The replication
that the judgment was voluntarily confessed after the com-
mencement of this suit, was a perfect answer to the plea of
the defendant, *Pinney* v. *Johnson's Administrators*, 8 *Wen-
dell*, 500 ; and not being denied by the rejoinder, the fact
was admitted. 8 *Cowen*, 653. If the voluntary confession of
the judgment since the commencement of the suit of the
plaintiffs is not admitted by the pleadings, then the court er-
red in refusing to receive the evidence offered, and the judg-
ment for that cause should be reversed. The plaintiffs, how-
ever, rely upon the rule of law that a substantial matter, de-
cisive of the cause put forth in pleading by one party and re-
maining unanswered by the other, is an admission on the re-
cord which authorizes a judgment ; and therefore they were
entitled to judgment *non obstante veredicto* in the court below.
It is no answer on the part of the defendant that the replica-
tion was *double* ; if it was intended to rely upon such objec-
tion, a demurrer should have been interposed. The defendant
was bound either to answer or demur.

*S. L. Selden*, for the defendant in error. The evidence of-
fered on the trial was properly excluded, the facts being ad-
mitted by the pleadings. The defendant was at liberty to

consider the replication to the second plea as presenting but a *single point*, to wit, the *fraud* of the judgment, and to treat what was said in reference to its having been *voluntarily confessed*, as mere matter of inducement. Fraud would have been a perfect answer to the plea if found for the plaintiffs, and the defendant might therefore well suppose that they relied upon it to defeat the plea; and when a pleading admits of two constructions, it should receive that least favorable to the party pleading. 1 *Chitty's Pl.* 217. Issue was therefore taken upon the question of fraud, and having been found for the defendant, the verdict should be conclusive upon the plaintiffs. But admitting the replication to allege *two distinct matters* in avoidance, the defendant was not bound to answer *both* such matters; indeed a rejoinder to both would have been bad for *duplicity*, and if demurred to specially for cause, the defendant could not have objected that the plaintiffs had committed the first fault in that particular, because no objection can be urged to a previous pleading, except such as would be good on *general* demurrer. 1 *Chitty's Pl.* 580. 15 *Johns. R.*191. If, however, the defendant was bound to answer both matters set up in avoidance, the remedy of the plaintiffs is not by writ of error. They ought to have demurred, and then, on judgment for the plaintiffs, the defendant would have had leave to amend; or have chosen to go to trial on the question of fraud, and failed, the plaintiffs ought to have asked for a *repleader* in the court below. Nor are the plaintiffs entitled to judgment *non obstante veredicto ;* here was a material issue, and it was found for the defendant, and in such case judgment *non abstante* ought not to be given for the plaintiffs. If the defendant might take issue upon the question of fraud, and leave the other allegations unanswered, surely where such issue is found for the defendant, judgment ought not to be given against her upon matters which she has not answered, and was not bound to answer. The issue, had it been found for the plaintiffs, was a material issue, as it would have put an end to the controversy; but being found for the defendant, it was an *immaterial issue,* and the plaintiffs should have asked for a repleader. *See Griffith* v. *Williams,* 1 *Wilson,* 338, which shows not only that the rejoinder in this case was

good, but that the remedy of the plaintiffs is by *repleader*. If a repleader had been awarded, the defendant might have rejoined to the other matter in the replication.

*Sampson,* in reply. This was not a case for a *repleader*. In the case cited in *Griffith v. Williams,* there was an immaterial issue and a repleader awarded ; but it does not there appear, as it does in this case, that upon the whole record the plaintiff was entitled to recover. Here the fact of the giving of the judgment, after the commencement of the plaintiffs' suit was offered to be shown, and the testimony objected to by the defendant. The plaintiffs therefore were entitled to judgment *non obstante ;* and if the record be sent back to the common pleas, with directions to render such judgment, the defendant may apply to that court for such relief as shall be equitable.

*By the Court,* SAVAGE, Ch. J. The court was right in rejecting the testimony offered ; not, however, because it was irrelevant and immaterial, but because the facts offered to be shown were admitted upon the record. The facts were already before the court, by the admission of the defendant ; and instead of being irrelevant and immaterial, were decisive of the right of the parties, had they been so pleaded as to have called for a distinct issue upon them. The case of *Pinney v. Adm'rs of Johnson,* 8 *Wendell,* 500, is exactly in point, and decides that a judgment so confessed cannot be pleaded to an action against an executor or administrator. The bond upon which the judgment is entered extinguishes the debt against the estate ; the debt becomes the personal debt of the executor or administrator ; and in a settlement between the representative and those entitled to the estate, such bond would be a good payment of the debt, if it were a *bona fide* debt and a *bona fide* payment. But, as the law stood before the revised statutes, the representative, after a suit commenced against him by one creditor, had no right to prefer and pay another creditor who had not commenced a suit. Where suits were commenced by two creditors, and there were assets to pay only one, the representative might confess judgment in favor of one, and plead that judgment in the other suit. Farther than

that he could not go, in giving preference after suit brought.
He would have no right, for instance, after suit brought by
one creditor, to pay another. A plea of such a payment would
be bad. The bond in this case was, at most, such a pay-
ment.

The only difficulty here arises from the form of plead-
ing. When the defendant pleaded the judgment, the plain-
tiffs should simply have replied that it was confessed by the
executrix upon her own bond since the commencement of the
present suit. That would have been a perfect answer to the
plea. The plaintiffs did so reply; but they also included in
their replication another answer, to wit, that the judgment
was obtained by fraud. The replication was therefore double.
Either answer stated in the replication was a good answer to
the plea. The defendant's attorney might have demurred
specially, and only specially, to the replication for duplicity.
He did not choose to do so; he would have gained no advan-
tage to his client by it. He had a right to rejoin, as he did,
by taking issue upon the fraud alone. The plaintiffs counsel
insists that the defendant should have answered all the facts
in the replication. If that be admitted, it does not prove that
the remedy is by writ of error; if the rejoinder did not suffi-
ciently answer the replication, the plaintiffs should have de-
murred. It is manifest that the first fault was committed by
the plaintiffs in replying double. This is against the rules
of good pleading, and should not be done without leave of the
court, and then by two distinct replications. It is true, that
duplicity must be taken advantage of by a special and not
by a general demurrer; but it is perfectly consistent with
good pleading, to do as the defendant's attorney did in this
case—to answer but one of the allegations of the double plead-
ing. It was the fault of the plaintiffs' attorney to give him
that advantage; he should have presented the fact of the
confession of the judgment in such a manner that the defend-
ant's attorney would have been compelled to answer it.

It is manifest, however, that the defendant has succeeded,
with a fact admitted on the record which is conclusive against
her. It is apparent, therefore, that justice has not been done,
though the jury could have found no other verdict than what

was found; and the record does not show that the court were asked to render judgment for the plaintiffs, or put them in a situation to recover a judgment which would be effectual. The question then is, what is the plaintiffs' remedy? Should the court below have given judgment for the plaintiffs, notwithstanding the verdict, or should they have awarded a repleader? Where a plea confesses the action, and does not sufficiently avoid it, judgment shall be given on the confession, without regard to a verdict for the defendant. This is called judgment *non obstante veredicto*. A *repleader* is awarded where the cause has been tried upon an immaterial issue. The issue is immaterial where a material allegation in the pleadings is not traversed, but an issue is taken on some point which, though found by the verdict of the jury, will not determine the merits of the case, and would leave the court at a loss for which of the parties to give judgment. 2 *Dunlap*, 690. The issue in the case now before the court would have been very material, if found for the plaintiff; but being found for the defendant, it determines nothing. How then stands the fact before the court, as admitted and proved? It is, that the judgment which the defendant pleaded was entered by confession upon a bond and warrant, executed by herself since the commencement of this suit, but without any fraudulent intent. Now take this statement; is it any reason why the plaintiffs should not recover the debt due to them? The case is perfectly clear; and, assuming the facts as admitted by the defendant's rejoinder, there is no way of pleading those facts to make a bar against the plaintiff's claim. This is a case, therefore, where it is apparent to the court, upon the defendant's own showing, that in any way of putting it, she can have no merits. 2 *Dunlap*, 692. It is therefore a proper case for a judgment for the plaintiff, notwithstanding the verdict.

The judgment should be reversed, and the court below advised to give judgment as above.