## SUPREME COURT.

### KING agt. THE UTICA INSURANCE COMPANY.

If a party make distinct, though immaterial allegations, and in a traversable form, he can not move to strike out his adversary's pleading, taking issue thereon.

*Franklin Special Term, February* 1852. This was a motion to strike out certain portions of a reply as immaterial, &c., for the reason that they took issue upon immaterial portions of the answer.

B. PERKINS, *for the Motion.*

J. R. FLANDERS, *Contra.*

HAND, Justice.—It is admitted by counsel that these issues are immaterial. No redundant, immaterial or impertinent matter, should be inserted in a pleading. And, as a general rule, if suffered to remain unnoticed, it will not aid the party. It is better to leave it out; and, if put in, strike it out. But if this is not done, and the truth of immaterial allegations is put in issue, the party making them should not complain. An independent issue should not be made upon every expression used in pleadings, perhaps rendered senseless by being thus severed. Such pleading might be obnoxious to a motion to expunge, or in some cases, to a motion for judgment (1 *Saund. Rep.* 28, *n.*; *Code,*

King agt. The Utica Insurance Co.

§ 148, 152, 154, 168, 247). The answer should only deny material allegations; and the new matter in the answer and reply should constitute a defence, &c. (§ 149, 153). The Code, however, does not, certainly not, in express terms confine the reply to " material " allegations (see § 153, 250); so the old rule, as to that, at least, remains. And if a party will make a distinct though immaterial allegation, and in a traversable form, I am not aware of any rule of pleading or practice by which he can prevent his opponent from denying its truth, or that requires the court to strike out that denial. The other party may, for safety, prefer in this way, to bar all presumptions that may possibly arise from the pleading. Both parties, at least under our former system, would run the risk of a repleader, unless the court, notwithstanding a verdict on the immaterial issues, can render judgment on the whole record. And the one committing the first fault, it seems, although such immaterial issues are found in his favor, may not have even the benefit of a repleader (see Gordon vs. Ellis, 7 *M. & Gr.* 607; Atkinson vs. Davis, 11 *M. & W.* 236; Gwynne vs. Burnell, 6 *Bing. N. C.* 453; Parnham vs. Pacey, *Willes,* 532; Sargeant vs. Fairfax, 1 *Lev.* 32; Lovelace vs. Grimsden, *Cro. El.* 227; Lambert vs. Taylor, 4 *B. & C.* 138; Garland vs. Davis, 4 *How. U. S. R.* 131; Gould vs. Rae, 13 *Wend.* 633; Stafford vs. Mayor of Albany, 6 *Johns. R.* 1; Havens vs. Bush, 2 *id.* 387; 2 *Saund. R* 319, *and notes to 6th ed.; Code* § 148, 154, 168, 176). It is not necessary here to decide what notice must be taken of immaterial issues at the circuit (*Code,* § 250, 264–5; Weed vs. Davis, *Mss.* 4 *Dist.*; Nelson vs. Bostwick, 5 *Hill,* 43; Carles vs. Wilkin, 6 *Barb. S. C. R.* 564; Kelly vs. Kelly, 3 *id.* 420).

It would be better if the parties should mutually consent to reform some portions of the pleadings. Direct and material issues only, should be sent down to the circuit.

Motion denied.