## JORDAN v. GILLEN.

In the case of a suit before a justice of the peace, and a judgment there for the plaintiff, and an appeal; a replication to a plea of release, seeking to avoid it ·by setting up an attorney's lien upon the judgment below, and an absolute assignment of the claim to the attorney, must be regarded as containing but one answer to the plea; and a traverse of the assignment without noticing the rest, was held good on demurrer.

THE facts are sufficiently set forth in the opinion of the court.

*Barker*, for the plaintiff.

*Ladd*, and *Benton & Ray*, for the defendants.

BELLOWS, J.   This is an action of trespass, brought before a justice of the peace, and there tried upon the general issue, and a judgment rendered for the plaintiff; from which the defendant appealed.   At the April term, 1862, of this court, the defendant pleaded a general release in bar of the further maintenance of the suit; to which the plaintiff replied that the suit was commenced and prosecuted by Albert Barker, the plaintiff's attorney, who had a lien for fees and advancements upon the judgment rendered by the justice; and that the attorney has continued to prosecute the suit, relying upon the expected judgment to reimburse him; that while the suit was pending the plaintiff assigned the suit, and all damages and costs that might be recovered, to the said Barker, for a valuable consideration, of all which the defendant had notice; and that, with full knowledge of the premises, the defendant, fraudulently colluding with the plaintiff to cheat and defraud the said Barker, obtained and procured the release mentioned in the defendant's plea.

The rejoinder traverses the assignment and notice, but is silent as to the rest; and to this the plaintiff demurs, assigning for causes that it does not deny the alleged fraud or the lien of said Barker, or the notice thereof; and also that it is in bar generally, and not in bar of the further maintenance of the suit; and this brings in question the sufficiency of the rejoinder.

The matter traversed by the rejoinder is material; and without it we are inclined to think the replication insufficient.   The ground there taken is, that the cause of action was assigned to the said Barker, and that the defendant had notice of it before the release,

which was therefore invalid. It is true that it is also stated that the attorney had a lien upon the judgment for his fees, but not that he had a lien upon the cause, at the time of the release; and therefore, as this judgment had been vacated by the appeal, unless a lien upon the cause is set up, that part of the plaintiff's case must fail. Nor do we think that such a claim could fairly be gathered from the replication, even by agreement or inference, especially as the statement of an absolute assignment is inconsistent with a subsisting lien.

The assignment and notice to the defendant furnish the only ground stated in the replication for avoiding the release, and if the issue tendered upon that is found for the defendants, they would be entitled to judgment, notwithstanding every thing else in the replication is admitted, because not denied. *Cheever* v. *Merrick,* 2 N. H. 376; *Dodge* v. *Morse,* 3 N. H. 232; *Bills* v. *Vose,* 27 N. H. 212. Had the replication set up a subsisting lien and a collusive release, to cheat the attorney, other questions might have arisen, though, as it would seem, in another stage of the cause. Those questions would be whether there could be a lien upon the cause which the court could in any form protect against a collusive release; and if so, whether it could be done by way of replication to the plea of release. If both questions were answered in the affirmative, then it would seem that even if the issue on the assignment was found for the defendants, the plaintiff would still be entitled to judgment, *non obstante veredicto. Gould* v. *Ray,* 13 Wend. 683; 1 Chit. Pl. 650. In *Gould* v. *Ray* it was held that where a replication contains two distinct matters in avoidance of the plea, either of which is a good and perfect answer, the defendant is not bound to demur for duplicity, or to answer to both matters, but may take issue upon either; still, although the issue be found for the defendant, yet as the other matter is of itself a perfect answer, and is admitted by the pleading, judgment will be for the plaintiff notwithstanding the verdict. But we consider that but one answer is here set up by the replication, and that is the assignment of the cause of action to the attorney, by which he became the real party plaintiff.

The objection to the plea for uncertainty can not be sustained. The "said supposed trespass" has for its antecedent the trespass described in the declaration, which is in court as part of the pleadings and matter of record; and this is justified by well established forms, which promote convenience and brevity, and can not be misunderstood.

The rejoinder may be a departure from the plea in not being in bar of the further maintenance of the suit, but if it be so it is of such a character that it may be amended without terms. *Berry* v. *Osborne,* 28 N. H. 279.

The amendment being made, the

*Demurrer is overruled.*