(27 Misc. Rep. 270.)

OLIN v. ARENDT et al.

(Supreme Court, Special Term, New York County. April, 1899.)

1. CONTRACT UNDER SEAL—CONSIDERATION.
  The expression of a consideration in an instrument under seal is not subject to contradiction for the purpose of invalidating the instrument.

2. EXECUTORS—PERSONAL LIABILITY.
  Defendants, as executors, entered into an agreement, under seal, whereby they, in consideration of an extension of the time for payment, agreed to pay the principal of a mortgage executed by their testator's grantor on land subsequently conveyed by him to testator, subject to the mortgage. Held, that the executors are personally liable for any deficiency arising on the foreclosure of the mortgage.

Bill to foreclose a mortgage, brought by Stephen H. Olin, as guardian, against Simon Arendt and others. Decree ordered for plaintiff.

Louis James Phelps, for plaintiff.

Ransom & Ransom (Louis V. Booraem, of counsel), for defendants Arendt, Cohen, and Casper.

Herbert Parsons, for defendant Frances K. Lipman.

W. W. Hoppin, for defendant Ilma Lipman.

BEACH, J. The question presented for decision by the trial of this action is whether or not the defendants, executors and executrix, are individually liable for any deficiency which may result from the foreclosure sale, by virtue of the agreement dated July 28, 1896. This agreement was between plaintiff, of the one part, and Abraham Cohen, Cæsar Casper, Simon Arendt, and Frances K. Lipman, as executors and executrix under the last will and testament of Julius Lipman, deceased. The agreement secured an extension of time for payment of the mortgage debt, and thereunder the parties de-

fendants above named covenanted to pay the principal sum remaining due on the mortgage. It was under seal. The bond and mortgage were given by Arendt, and Julius Lipman subsequently took title to the premises, without assuming payment of the mortgage. He afterwards died, holding title, leaving a last will, wherein the above-named defendants were appointed executors and executrix.

While the actual consideration may be open to inquiry, and the presumption of consideration arising from the seals may be rebutted, still the expression of a consideration is not subject to contradiction for the purpose or with the effect of invalidating the instrument. Fuller v. Artman, 69 Hun, 546, 24 N. Y. Supp. 13, and cases there cited; Wells v. Wells, 8 App. Div. 422, 40 N. Y. Supp. 836. The agreement is therefore not void from lack of consideration, and, indeed, there seems to be a sufficient consideration expressed and shown by its terms. In considering the question of individual liability, it must be borne in mind that the testator, Lipman, was not liable on the bond, or for any deficiency which might arise from a sale in foreclosure. While an executor may not be liable personally on a contract, made by him as such, relating exclusively to matters of the estate, and in which the executor has no personal interest, still, outside of such matters, when he contracts even as executor, an individual liability results. He cannot burden estate assets by such agreements, regardless of the question as to reimbursement on an accounting. Pinney v. Johnson, 8 Wend. 500; Chouteau v. Suydam, 21 N. Y. 179; Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452; Glenn v. Burrows, 37 Hun, 602; Foland v. Dayton, 40 Hun, 563. I am of opinion that the defendants, executors and executrix, are personally liable for any deficiency arising by virtue of the contract made by them.

Decree of foreclosure ordered, with a provision conforming with above. Ordered accordingly.