The judgment appealed from should be affirmed, with costs. All concur.

---

### LE BARON v. BARKER.

(Supreme Court, Appellate Division, Second Department. March 10, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 96*)—CONTRACT BY EXECUTRIX—LIABILITY OF ESTATE.

An executrix and trustee cannot, by her executory contract, made upon a new and independent consideration, bind the estate, although the contract was for the benefit of the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 410–419; Dec. Dig. § 96.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Frederic N. Le Baron, doing business in the firm name and style of Standard Prism Company, against Frances E. Barker, as sole surviving executrix and trustee of the estate of Charles E. Barker, deceased. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Leon N. Futter, for appellant.
Meyer D. Siegel, for respondent.

JENKS, P. J. This appeal is from a judgment of the Municipal Court for work, labor, and services. The plaintiff complains that the defendant, as executor and trustee under the will of Barker, has possession, control, and management of the said premises, and that the work, labor, and services were performed in said premises at the special instance and request of the defendant, who promised and agreed to pay therefor $365, the fair and reasonable value thereof. The answer is a general denial, save as to the status of the defendant, and a defense that the work was begun under a written contract, but was not completed, and was abandoned. At the close of plaintiff's case the defendant moved to dismiss the complaint, on the ground that sufficient facts had not been stated.

We think that the exception to the denial of this motion was well taken. The defendant in her representative capacity could not by her executory contract, made upon a new and independent consideration, bind the estate. And it does not matter that such contract was for the benefit of the estate. Ferrin v. Myrick, 41 N. Y. 315; O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238. Both the reasons for the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rule and the exceptions thereto are fully stated by Cullen, J., writing for the court, in O'Brien v. Jackson, supra. The learned counsel for the respondent cites to us Brackett v. Ostrander, 126 App. Div. 529, 110 N. Y. Supp.· 779, and Scheibeler v. Albee, 114 App. Div. 146, 99 N. Y. Supp. 706. The former case was disposed of under the exception to the rule of Ferrin v. Myrick and O'Brien v. Jackson, supra, which exception is expressed by Cullen, J., in the latter judgment, as follows:

"To the general rule there are exceptions, and an equitable action can be maintained against the estate on behalf of a creditor in case of the fraud or insolvency of the executor, or when he is authorized to make an expenditure for the protection of the trust estate, and he has no trust fund for the purpose. In the latter case, if unwilling to make himself personally liable he may charge the trust estate in favor of any person who will make the expenditure. Charges against the trust estate in such cases can be enforced only in an equitable action brought for the purpose."

Scheibeler's Case likewise fell under an exception to the general rule, in that the defendants had received the money sued for in their representative capacity. Upon the evidence the plaintiff made out a case of liability, but not against the defendant as executor and trustee.

The judgment must therefore be reversed, with costs, and complaint dismissed. All concur.