DECILLIS v. MASCELLI et al.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 430*) — ACTIONS — RIGHTS OF ACTION AGAINST EXECUTORS—PERSONAL OR REPRESENTATIVE CAPACITY.

Defendant, as executrix of her husband, succeeded to a canal contract with the state and continued work on the contract, and employed plaintiff as a servant. *Held*, in an action for personal injuries to the servant, brought against defendant individually and as executrix, on the ground of her negligence, that defendant, if liable, was liable only personally, and not as executrix.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1683–1688; Dec. Dig. § 430.*]

2. EXECUTORS AND ADMINISTRATORS (§ 97*)—CONTRACTS BY EXECUTRIX—LIABILITY OF ESTATE.

An executrix cannot, by her executory contract in employing a servant, bind the estate, though the contract was for the benefit of the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 411, 411½; Dec. Dig. § 97.*]

Appeal from Trial Term, Monroe County.

Action by Paul Decillis against Maria H. Mascelli, individually and as executrix of Frank Mascelli, deceased. From a judgment for plaintiff, and from an order denying a new trial, defendant Maria H. Mascelli, as executrix, appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Alfred L. Becker (Hoyt & Spratt, of Buffalo, of counsel), for appellant.

George D. Forsyth (Forsyth Bros., of Rochester, of counsel), for respondent.

ROBSON, J. Plaintiff has recovered damages for personal injuries received while employed in work connected with the performance by defendant of a contract for excavating and constructing a section of the barge canal. This canal contract was made with the state by Frank Mascelli, defendant's testator, who died after beginning the work, leaving a will appointing defendant sole executrix thereof. She thereupon qualified as such executrix, and continued work on the contract. The negligence, with which plaintiff charged defendant, was in maintaining and using a defective and dangerous way, or track, upon which dump cars carrying excavated material were operated. The action was brought against the defendant, both as an individual and in her capacity as executrix. Her answer admits the making of the contract, the death of her testator, her appointment as executrix, and that she as executrix entered upon and continued the performance of the canal contract and employed plaintiff thereon, and puts in issue the other allegations of the complaint. At the close of plaintiff's case defendant moved for a nonsuit in her favor as an individual. Plaintiff's counsel then conceded that the proofs showed that defendant was not liable as an individual, and the motion was granted. Motion for nonsuit in her favor as executrix was then made which was denied. One ground upon which this motion was based was that plaintiff had failed to show any negligence on the part of defendant as executrix. This motion was renewed at the close of all the evidence, and again denied.

[1, 2] The motion should have been granted. The canal contract was an asset of the estate, but the defendant in continuing its performance after her appointment as executrix could not under the circumstances disclosed bind the estate by her executory contracts made in carrying on the business of the contract. Though she employed the plaintiff thereon, she became personally and not in her capacity as the legal representative of the estate liable to pay for his services. It does not change the rule that such a contract is made for the benefit of the estate. Le Baron v. Barker as Ex'r, etc., 143 App. Div. 492, 127 N. Y. Supp. 979; Austin et al. v. Munro et al. as Ex'rs, 47 N. Y. 360, 366; Parker v. Day, 155 N. Y. 383, 49 N. E. 1046; O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238. It is true that there are cases where a recovery can be had in an equitable action to charge the estate upon a contract made with an executor when special circumstances appear making it proper to afford such equitable relief. These are exceptions to the general rule, and are referred to in the case last cited. Willis et al. v. Sharp as Ex'r, 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493, was a case presenting such an exception. No such special circumstances appear in this case warranting the verdict against

defendant as executrix. The plaintiff's claim, though not on the contract of hiring made with the defendant, grows out of, and is inseparably connected with, the relation thereby created, being based on the negligence of defendant in her relation to him as his employer. In no sense is it based on any relation to defendant's testator creating a liability which he was under, or would have been under, if he had lived. Plaintiff seeks to enforce a new liability arising from acts or omissions of the executrix, which did not exist, and could not have arisen, but for the fact that she made a contract for plaintiff's service, and failed in performing a duty to him the performance of which the law imposed upon her. As was said by Gray, J., in Matter of Van Slooten v. Dodge as Adm'r, etc., 145 N. Y. 327, 332, 39 N. E. 950, 951:

"An executor cannot subject the estate in his hands for administration to some new liability, either by his contract, or by his wrongful act."

See, also, Keating, v. Stevenson et al. as Ex'rs, etc., 21 App. Div. 604, 47 N. Y. Supp. 847.

For the reasons above stated, the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event. In view of this necessary disposition of the appeal, we have not considered, and do not pass upon, the question whether a cause of action was established against defendant as an individual. All concurred.