JOSEPH ROSENBERG, Plaintiff-Respondent, *v.* SARAH A. JEFFERSON, as Executrix under the Last Will and Testament of JOSEPH JEFFERSON, Deceased.

JOSEPH ROSENBERG, Plaintiff-Respondent, *v.* SARAH A. JEFFERSON, Defendant-Appellant.

JOSEPH ROSENBERG, Plaintiff-Respondent, *v.* JESSIE GASHERIE, as Administratrix of the Goods, Chattels and Credits of MARY G. BARRYMORE VALENTIN, Deceased, Defendant-Appellant.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Stipulation — when action cannot be amended by — parties.

An action cannot by stipulation be amended so as to change it into an action against the defendant as executrix for the purpose of enforcing a liability against the estate instead of against the defendant individually.

In an action for work, labor and services, the question whether plaintiff, in violation of section 439 of the Penal Law, gave an agent of defendant a gratuity or benefit as an inducement for entering into the contract sued for, is one of fact, and the finding of the trial judge thereon will not be disturbed on appeal from a judgment in favor of plaintiff.

APPEAL by the defendants from judgments of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of the plaintiff.

William F. S. Hart (Sumner B. Stiles, of counsel), for appellants.

Abraham M. Pariser, for respondent.

GUY, J. Appeals are taken in three actions, two of which, actions Nos. 1 and 3, will be considered together

as presenting the same questions of law, while action No. 2, involving merely an issue of fact, must be considered separately.

In actions Nos. 1 and 3, plaintiff sues defendant as executrix for work, labor and services performed at her request subsequently to the death of the decedent. In action No. 1 an appeal is also taken from an order denying defendant's motion to amend a judgment, which, it is alleged, was erroneously entered against the defendant individually, so as to make the judgment a judgment against the defendant in her representative capacity. "The rule must be regarded as well settled, that the contracts of executors, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, as for services rendered, goods or property sold and delivered, or other consideration moving between the promisee and the executors as promisors, are the personal contracts of the executors, and do not bind the estate, notwithstanding the services rendered, or goods or property furnished, or other consideration moving from the premises, are such that the executors could properly have paid for the same from the assets, and been allowed for the expenditure in the settlement of their accounts." *Austin* v. *Munro,* 47 N. Y. 360. "An executor cannot subject the estate in his hands for administration to some new liability, either by his contract or by his wrongful act." *Matter of Van Slooten* v. *Dodge,* 145 N. Y. 332. See also *Mulrein* v. *Smillie,* 25 App. Div. 136; *Ferrin* v. *Myrick,* 41 N. Y. 315; *O'Brien* v. *Jackson,* 167 id. 31–33; *LeBaron* v. *Barker,* 143 App. Div. 492. It follows, as matter of course, that if unable to bind the estate by contract, an executor cannot create a new liability by stipulation or waiver See *Matter of Van Slooten* v. *Dodge, supra.*

The contention of the respondent that action No. 1

in its amended form is an action against the defendant individually and that the words "as executrix under the last will and testament of Joseph Jefferson, deceased," are merely descriptive, is without merit. The action was originally brought by plaintiff against the defendant individually, and it is clear upon a reading of the stipulation entered into between the attorneys for both parties that the amendment was to change the action into an action against the defendant as executrix with the purpose of enforcing a liability against the estate instead of against the defendant individually. The action in its amended form being, therefore, an action against the defendant as executrix, the judgment against the defendant individually cannot be allowed to stand; and, as no cause of action was proven against the defendant as executrix, no judgment can properly be entered against the defendant in that form.

The judgments in actions Nos. 1 and 3, must, therefore, be reversed, with fifteen dollars cost in each appeal and complaints dismissed with costs in the court below; and the order denying defendant's motion to amend the judgment in action No. 1 must also be affirmed, without costs.

As to action No. 2 the work, labor and services for the value of which the suit is brought by plaintiff were rendered and furnished to defendant individually upon premises belonging to the defendant individually, and the only question involved in said action is one of fact. The answer alleges, as a separate defense, that plaintiff, in violation of section 439 of the Penal Law of this state, offered to give and actually did give an agent of the defendant a gratuity or benefit as an inducement to the said agent for entering into the contract on the part of the defendant with the plaintiff for the performance of the work, labor and services

in question, and that said contract, as matter of fact,
was made by defendant's said agent with plaintiff in
consideration of said benefit or gratuity so conferred
upon said agent by plaintiff. Plaintiff admitted, on
cross-examination, that for about a year and a half
covering the time when the work, labor and services
herein were ordered by defendant's agent, he, plain-
tiff, had been in the habit of exchanging checks and
signing and delivering to defendant's agent accommo-
dation promissory notes for defendant's agent Ber-
ger's use and that as to a large part of the business
done by Berger as agent for various principals he had
accepted in payment on account of the bills rendered
for such work, labor and services, notes of Berger
amounting to many thousands of dollars, some of which
were paid and some of which remained unpaid at the
time of Berger's death by suicide; and defendant called
two witnesses who testified that plaintiff told them he
had exchanged checks and given accommodation notes
to Berger in the manner testified to by him, as that was
the only way he could do any business with Berger;
that he did it to get business. The plaintiff denied hav-
ing made such admissions to said witnesses, and denied
specifically that he ever exchanged such checks or gave
such accommodation notes as an inducement for the
obtaining of business from Berger; and testified that
the custom of doing so as between him and Berger had
continued for many years for their mutual accommo-
dation. Plaintiff further testified that he never
allowed Berger any commission on the business
obtained through him, and that the prices charged by
him on all his bills were fair and reasonable prices;
and he was corroborated by expert witnesses as to the
reasonableness of the charges. It was the province of
the trial judge to decide this question of fact; and

while this court might have reached a different conclusion on the above evidence there is no such preponderance of evidence in favor of defendant on this issue of fact as would justify this court in disturbing the conclusion reached by the trial judge. The judgment in favor of plaintiff in action No. 2, must, therefore, be affirmed, with twenty-five dollars costs.

BIJUR and MULLAN, JJ., concur.

Judgments in actions Nos. 1 and 3 reversed, with costs. Order in action No. 1 affirmed, without costs. Judgment in action No. 2 affirmed, with costs.