In the Matter of the Estate of MAGDALENA DAUFKIRCH, Deceased.

Surrogate's Court, Queens County, November 3, 1932.

*Bernstein & Zinman*, for the petitioner.

*Charles A. Woods*, for the respondent Henry Daufkirch.

HETHERINGTON, S. The petitioner, claiming to be a "creditor of the estate" of the decedent, seeks to compel her executor to account and pay its alleged claim based upon a judgment recovered by it in the Supreme Court against "John Philip Daufkirch, as Executor under the Last Will and Testament of Magdalena Daufkirch, Deceased," for $2,195.42 on March 23, 1932. The decedent's will was admitted to probate and letters testamentary

issued on April 1, 1927. On or about January 14, 1928, a written agreement was entered into between the petitioner, as mortgagee, and " John Philip Daufkirch, as Executor of the Estate of Magdalena Daufkirch, deceased, as mortgagor," extending the time of payment of a bond secured by a mortgage on a parcel of real estate. At this point it is pertinent to refer to the fact that nowhere is it alleged that the decedent had signed the bond in question or any agreement making her personally liable for the debt. On the contrary, it was conceded upon the argument that she was not personally liable for the debt. In due course the executor filed his account and on January 16, 1931, a decree was made settling his accounts, directing distribution and providing for his discharge as such. The petitioner was neither cited in the accounting proceeding, nor was any reservation made in the decree to secure payment of its then unliquidated claim. In support of its allegation that the executor had knowledge of the liability created by the agreement, the petitioner refers to the fact that in his account he claimed and received a credit for the interest payments made pursuant thereto. Later, and at a time not disclosed, foreclosure proceedings were had and a personal judgment, predicated on the so-called extension agreement, was sought and had in the form heretofore mentioned for the deficiency occasioned by a judicial sale of the mortgaged premises for an amount less than the petitioner's lien. It is for the resulting deficiency evidenced by the judgment aforesaid that the petitioner now moves to compel payment of, and while it concedes that it never had a claim against the decedent of the character mentioned and justifying the reservation provided for in section 207 of the Surrogate's Court Act, contends, nevertheless, that this court is bound to recognize the judgment as one which can be enforced against her estate. I am unable to agree with this conclusion for the reason that it appears from the petition that the so-called extension agreement was not made by the decedent but by her executor, and this fact coupled with its concession that the decedent was not personally liable for the debt and the absence of any power in the will authorizing the executor to bind her estate, reinforces my view that the judgment is not enforcible against her estate.

The general rule is well settled in this State that executors or trustees cannot, by their executory contracts, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, bind the estate and thus create a liability not founded upon the contract or obligation of the testator. (*O'Brien* v. *Jackson*, 167 N. Y. 31; *Dodd* v. *Anderson*, 197 id. 466; *Smith* v. *Peyrot*, 201 id. 210.) In *Olin* v.

*Arendt* (27 Misc. 270) the executors entered into an agreement extending the time of payment of the mortgage debt and for which their testator was not liable, and it was there held that while the estate was not bound by the agreement, they became personally liable for any deficiency. The judgment here, while in form against the estate, is in fact against the executor individually. This court is neither precluded by the form of the judgment nor by the fact that it was entered upon default where it appears, as it does here, that the decedent was at no time liable for the mortgage debt.

The petitioner, not being a creditor of the decedent, has no standing to compel an accounting, and the proceeding must, therefore, be dismissed.