In the Matter of the Application of HENRY DONNELLY, Respondent, for a Prohibition Order against HAROLD K. CONGDON, as Surrogate of Cattaraugus County.

THE SURROGATE'S COURT OF CATTARAUGUS COUNTY, Defendant, and HAROLD T. CHESBRO, as Executor, etc., of WILLIAM B. McGEORGE, Deceased, Appellant.

Fourth Department, May 8, 1935.

*James S. Pierce,* for the appellant.

*D. L. Jewell,* for the respondent.

PER CURIAM. After the executor paid to the petitioner the $750 which was awarded by a judgment of the Supreme Court, as a condition of validating a conveyance which the executor had given, he cannot, by discovery proceedings in Surrogate's Court, get back the money he had so paid as a condition of the advantage secured to him by the Supreme Court judgment. The Supreme Court had jurisdiction of the parties to, and the subject-matter of, the con-

troversy, and neither the Surrogate's Court nor any one by resorting to Surrogate's Court, can attack the validity of the Supreme Court judgment. If any court acted without jurisdiction, it was the Surrogate's Court, when it ordered a sale of the real estate in question in a proceeding for judicial settlement, in which the petition prayed for no such relief, and the citation gave no notice that such relief was sought or contemplated. (Surr. Ct. Act, § 236.) Furthermore, in view of the general power of sale given by the will, it is doubtful whether the surrogate should have ordered a judicial sale. (Surr. Ct. Act, § 233.) We think, however, that the terms of the order of prohibition are too broad in forbidding an inquiry into any alleged assets of the testator. The prohibition should relate only to the $750 in controversy.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order modified and as modified affirmed, without costs.