EDWIN V. HELLAWELL, as Receiver of the FIRST NATIONAL BANK OF HEMPSTEAD, Appellant, v. GARRETT BUSCH & SON, INC., and Others, Defendants; BERTHA BUSCH, Individually, Respondent.— Appeal from order granting respondent's motion for summary judgment under rule 113 of the Rules of Civil Practice, and denying plaintiff's motion for similar relief. Order modified so as to provide that respondent's motion for summary judgment be denied, and as so modified affirmed, without costs. There are questions of fact to be determined in so far as defendant Bertha Busch's individual responsibility is concerned. Upon a trial, facts with reference to the financial status of the estate and as to the persons interested therein should be elicited, as well as the facts in connection with the indorsement of the note by said defendant, including conversation between her representative and the representative of the bank as to her liability. Views expressed in *Bank of Troy* v. *Topping* (9 Wend. 273; 13 id. 557) may be helpful as indicating some of the issuable facts herein. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ. concur. [157 Misc. 805.]

PERCY K. HUDSON and T. BACHE BLEECKER, Appellants, v. TOWN OF OYSTER BAY, Respondent, and HARRY TAPPEN and Others, Constituting the Town Board of Oyster Bay, Defendants.— The action is for a permanent injunction restraining the defendants, constituting the town board of the town of Oyster Bay, from erecting an incinerator and entering into a contract for its construction, and from permitting the site described in the complaint to be used for any purpose other than those specified in a residence district. Judgment dismissing the complaint on the pleadings reversed on the law, without costs. Order denying plaintiffs' motion for an injunction *pendente lite* affirmed, without costs. Accepting the allegations of the complaint as true, it states a good cause of action. Therefore, the court erred in dismissing it. Whether any zoning regulation is reasonable and conducive to the public welfare and bears a substantial relation to the public health, safety or general welfare are questions of fact. In support of the motion for an injunction plaintiffs have not shown they have a reasonable prospect of success or that their damage will be irreparable if the wrong complained of is permitted to continue. They merely state their property will depreciate and become unsuitable for residence purposes if the incinerator is erected. Assuming there will be some depreciation of plaintiffs' property and they will suffer special hardship if the incinerator is erected, this is insufficient to invalidate a zoning regulation which promotes the general welfare. (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288; *Dowsey* v. *Village of Kensington*, 257 id. 221; *Morgan* v. *City of Binghamton*, 102 id. 500.) Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ., concur.

INTERBORO ASSOCIATES, INC., Appellant, v. CHARLES ZEITLER and Another. Defendants, and LEO J. ZIMMERMAN, Referee, Respondent.— In an action for the foreclosure of a mortgage on real property, order in so far as it imposes, as a condition to the granting of the motion to discontinue the action, cancel the *lis pendens* and vacate the judgment of foreclosure, that plaintiff pay the referee to sell the sum of fifty dollars for his services, modified by reducing the amount so payable to the sum of twenty-five dollars, and as so modified affirmed, without costs. We are of opinion that in the situation disclosed in the record, in which the sum bid by plaintiff was applied upon his demand as fixed by the judgment, without being paid to the referee, the latter was entitled to the sum of twenty-five dollars. (Civ. Prac. Act, § 1546.) Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.