CITY BANK FARMERS TRUST COMPANY and Others, etc., Plaintiffs,
*v.* BELLA FRANKENFELDER and Others, Defendants.

Supreme Court, Special Term, New York County, October 23, 1937.

*Mitchell, Taylor, Capron & Marsh,* for the plaintiffs.

*McManus, Ernst & Ernst,* for the defendants.

McLAUGHLIN (CHARLES B.), J.  This is a motion made by individual defendants, who are also executors and trustees of the decedent Bernhard Frankenfelder, to dismiss the complaint as against them.  The action is brought to foreclose a mortgage and a deficiency judgment is asked against these executors and trustees as individuals.  The facts are simple.

On May 10, 1912, Bernhard Frankenfelder, the decedent, executed his bond and mortgage to one Field for $70,000.  At the time of his death on April 24, 1922, there remained unpaid the sum of $50,000.  On October 7, 1930, after the three executors and trustees had qualified, they entered into an agreement as executors with the plaintiff, extending the time for payment of the principal of the mortgage to July 17, 1933.  The language of the instrument is to the effect that as such executors they covenanted that they would pay said sum.  This motion presents the question of the personal liability of an executor who executes an extension agreement of a bond and mortgage which the decedent had agreed to pay and for which payment his estate was liable at the time of the extension agreement.  The plaintiffs urge that these defendants are liable as individuals because of the general rule that executory contracts made by an executor make him individually liable, even

though he may have signed only as an executor. (*Austin* v. *Munro*, 47 N. Y. 360, 366; *O'Brien* v. *Jackson*, 167 id. 31; *Dodd* v. *Anderson*, 197 id. 466; *Smith* v. *Peyrot*, 201 id. 210.)

There is no case, however, that goes to the length of saying that an extension of time to pay a present existing obligation of an estate would make the defendants individually liable. Both sides seem to indicate in their memoranda that the precise question has not been passed upon in the appellate courts of this State. It would seem to be against reason to hold these defendants individually liable. A reading of the authorities would indicate that that is the correct view and that the purpose of holding defendants such as these individually liable on contracts for the estate is primarily to give those interested in the estate an opportunity to pass upon the correctness or legality of the contract.

All these defendants did was to extend the time for payment of an obligation of the estate which had already accrued. No new obligation was incurred, and under the circumstances it was clear to the contracting parties that these executors never intended to bind themselves individually. It would appear that the question presented here was approached in this manner in *Chouteau* v. *Suydam* (21 N. Y. 179). The court there clearly indicated that it would have answered this question in favor of the defendants. Likewise the lower courts have indicated that their decision under these circumstances would be for the defendants. (*Olin* v. *Arendt*, 27 Misc. 270; *Smith* v. *Wagner*, 106 id. 170; *Matter of Daufkirch*, 145 id. 396.) The cases of *Ferrin* v. *Myrick* (41 N. Y. 315); *Schmittler* v. *Simon* (101 id. 554, 557); *Hellawell* v. *Busch & Son, Inc.* (157 Misc. 805; modfd., 248 App. Div. 737) are in point and deal with an entirely different proposition. As a matter of fact, in the *Hellawell* case the question of individual responsibility depended upon facts surrounding the transaction, and an order for summary judgment was reversed.

Motion granted. Settle order.