EAST RIVER SAVINGS BANK, Plaintiff, *v.* 245 BROADWAY CORPORATION and Others, Defendants.

Supreme Court, Special Term, New York County, April 4, 1939.

*Wayland & Bernard*, for the plaintiff.

*Irving H. Dale*, for the defendants.

COTILLO, J. This is an application by the individual defendants to dismiss the complaint so far as it seeks to hold them liable as individuals. The action is one of foreclosure of mortgage upon premises held by the individual defendants as trustees of an estate. The mortgage was originally executed by a corporation in 1924. The defendants, as trustees under a deed of trust, acquired the property subject to the mortgage of $250,000, executed by the original mortgagor, and in 1928 they executed a bond in the sum of $30,000, as trustees of the estate, together with a mortgage upon the premises upon which the pre-existing mortgage of $250,000 was a lien. The new mortgage was consolidated into one mortgage of $280,000, together with an extension agreement for the time of payment of the entire mortgage. No question seems to be raised as to the knowledge of the plaintiff that defendants were acting in their capacity as trustees and not for their individual benefit.

There is no question that the liability of the individual defendants would only arise in the case of a deficiency after foreclosure. It is precisely this possible liability that the individual defendants are seeking to eliminate.

I cannot say at this stage whether plaintiff can ultimately succeed in enforcing liability for a possible deficiency judgment. I must, however, rule that in no event can defendants succeed as a matter of pleading to dismiss the complaint as against them as individuals. Under normal circumstances personal liability exists here at least to the $30,000 portion, if not as to the entire consolidated mortgage of $280,000, in spite of the fact that the movants were described in the instruments sued upon as trustees of the estate. Even though they signed the instruments as trustees, they are still liable here. It would have been a simple matter to put the plaintiff on notice that it be stated in the instrument that the documents are executed by them without personal liability.

In the Restatement of the Law of Trusts, section 262, it is said that, except when the agreement expressly stipulates that the trustee shall not be personally liable, he shall be subject to personal liability upon contracts made by him in the course of the administration of the trust, and that this is true (a) whether or not he is properly performing his duties, (b) whether or not the existence of the trust and the names of the beneficiaries are known to the other party to the contract, (c) whether or not it appears in the

contract that the trustee is making it in the course of the administration of the trust, and (d) whether or not the trust estate is sufficient to indemnify him.

In discussing the rule that a trustee by express stipulation may exempt himself from personal liability, the Restatement of the Law of Trusts declares: " § 263. The mere fact, however, that the other party to the contract knows that the trustee is a trustee and is making the contract in the administration of the trust is not enough to relieve the trustee of personal liability. The trustee may be personally liable although he signs the contract in his name followed by the words ' trustee,' or ' as trustee,' or ' as trustee for ' a designated beneficiary, or ' as trustee under ' a certain will or deed of trust."

The principles involved on this motion are well stated in the Restatement of the Law of Trusts and there is no necessity for reciting here at length the legal precedents sustaining the construction above referred to.

It may be that the principles applied by Mr. Justice McLaughlin in *City Bank Farmers Trust Co.* v. *Frankenfelder* (166 Misc. 63) to an extension agreement of a pre-existing mortgage executed by fiduciaries may apply as to the $250,000 portion of the mortgage, or it may be that reasons may appear in the evidence why there should be no liability fastened upon the individual defendants as to any portion of the mortgaged debt. In any event, it is certain that at this stage the motion to dismiss the complaint must be denied.