EDWARD DEC. CHISHOLM, Plaintiff, *v.* THE NATIONAL CITY BANK OF NEW YORK and CHAUNCEY B. GARVER, as Executors, etc., of JOHN A. GARVER, Deceased, Defendants.

Supreme Court, Trial Term, New York County, April 2, 1941.

*Edmund J. Fixman* [*Norman S. Nemser* of counsel], for the plaintiff.

*Shearman & Sterling* [*John A. Wilson* and *George C. Seward* of counsel], for the defendants.

BENVENGA, J. Upon the trial of this action decision was reserved on defendants' motion to dismiss the complaint. The action is for money had and received. It is brought against the defendants personally, and not in their representative capacity.

The complaint alleges in substance that the defendants, assuming to act as executors, withdrew a cash credit balance from a joint venture account with a brokerage firm, in which joint venture the plaintiff was a participant and to a portion of which balance he was entitled.

It appears that, upon the death of the decedent, who was also a participant in the venture, the defendants on demand paid the decedent's obligations to the brokers, the extent of which obligations having been fixed by an agreement between the decedent and the brokers during the lifetime of the decedent.

It is not asserted that the defendants had knowledge or notice of the plaintiff's alleged interest in the joint venture, nor that they personally benefited or profited by the transaction, nor is it claimed that they acted unreasonably or in bad faith. Indeed, they did nothing more than pay the account which the brokers represented was due to them, relying upon their statement of the decedent's account with them.

The question is whether the cause of action lies against the defendants individually. We are not concerned with the problem of their liability in their representative capacity.

Concededly, an executor is liable for his torts, and for any contract entered into by him in the course of his administration of the decedent's estate. This is because the cause of action, if any, is not due to any act of the decedent, but is a claim or demand which accrued in the course of the administration. "An executor cannot subject the estate in his hands for administration to some new liability, either by his contract, or by his wrongful act." (*Matter of Van Slooten* v. *Dodge*, 145 N. Y. 327, 332; *Kirchner* v. *Muller*, 280 id. 23, 28; *Bradley* v. *Roe*, 282 id. 525, 531; *Gratwick* v. *Smith*, 202 App. Div. 600, 601; 24 C. J. 737–743. Cf. *East River Savings Bank* v. *245 Broadway Corp.*, 284 N. Y. 470, 476, 477, 479.)

Where, as here, the executor committed no wrongful or illegal act and incurred no new obligation, but acted in good faith and without knowledge or notice of any adverse claim, and the estate, and not he, has been enriched by the transaction, it does not seem fair and equitable to hold the executor personally liable. (*City Bank Farmers Trust Co.* v. *Frankenfelder*, 166 Misc. 63, 64.)

Accordingly, the complaint is dismissed.