Peter M. Daly, J.
Motion by defendant sued individually and as a fiduciary for an order (1) dismissing the complaint on the ground that this court has not jurisdiction of the subject matter, or, in its discretion, should decline to accept jurisdiction; (2) dismissing the complaint on the ground that the contract sued upon is unenforcible under the Statute of Frauds; (3) dismissing the complaint on the ground that it does not *186 state a cause of action; and (4) dropping the defendant from the action insofar as he is sued individually on the ground of misjoinder of parties.
The complaint alleges that on March 18, 1959 defendant, purporting to act as administrator with the will annexed of the estate of Arthur Mutscheller, entered into an agreement in writing with the plaintiff, whereby plaintiff agreed to buy and defendant agreed to sell certain real property in Queens County. According to the contract, which is incorporated in the complaint by reference, the price was $9,250. On the execution of the contract plaintiff paid to the defendant $925 as a down payment.
The complaint further alleges that Arthur Mutscheller acquired the property by deed in 1923; that he died on May 6, 1950, leaving a will which was duly admitted to probate in New York County on August 1, 1950; that by the terms of the will Louise B. Mutscheller was made executrix and sole beneficiary of his estate; that letters of administration c. t. a. on his estate were issued to the defendant on March 31, 1959. Louise died on February 26, 1958. Letters of temporary administration on her estate were issued to the defendant on August 4, 1958, and her will was duly admitted to probate in New York County on March 31, 1959, at which time letters testamentary were issued to the defendant, who is presently acting as executor of her estate.
Plaintiff alleges that he duly performed all conditions of the agreement on his part and that on May 11, 1959, the day fixed for the closing of title, he was ready, willing and able to consummate the transaction, but the defendant refused to deliver a proper deed, in accordance with the terms of the agreement; wherefore plaintiff demands judgment of specific performance.
In support of his motion defendant alleges that the Surrogate’s Court of New York County has jurisdiction of both estates; that the alleged contract was merely a bid which defendant intended to submit to the court; that at the time he “ accepted ” plaintiff’s “bid” he was merely a temporary administrator of the estate of Louise and had no capacity at all in respect to the estate of Arthur; that he was not appointed administrator c. t. a. of Arthur’s estate until March 31, 1959; that he had no authority to sell the realty; that defendant deposited plaintiff’s check for $925 in his personal special account and not in the estate account; that even if he had been administrator c. t. a. on the date of the contract he would have had to submit any bids to the Surrogate for approval, and that *187 he acted in good faith for the benefit of the estate and, therefore, should not be held liable personally.
In an affidavit in opposition, plaintiff alleges that the contract is on the standard form issued by the New York Board of Title Underwriters; that the contract was prepared in defendant’s office; that the broker named in the contract has office space in defendant’s suite, and at the signing of the contract the broker, as an attorney, purported to represent the plaintiff; that in the contract defendant represented himself to be the administrator c. t. a. of Arthur’s estate; that defendant now has the power to make the conveyance, and that on May 11, 1959, the adjustments were agreed upon but defendant was advised by the broker that plaintiff would pay $12,000 for the property; that when plaintiff insisted that the price be that set forth in the contract, defendant refused to proceed with the closing.
Defendant’s contention that the contract is unenforcible under the Statute of Frauds is clearly untenable. There is no question that the instrument is in writing. A copy of it is annexed to the complaint. The fact that defendant may have misrepresented his authority does not change that fact. Insofar as defendant seeks dismissal of the complaint on this ground, the motion is denied.
Nor is there any merit to defendant’s contention that he individually is not a proper party defendant. ‘ ‘ A fiduciary generally, and executors, administrators, and their successors particularly, are chargeable personally upon any contract made with them upon a new and independent consideration, even though made in the interest or for the benefit of the estate represented, and an action upon such a contract lies only against the fiduciary personally.” (20 Carmody-Wait, New York Practice, § 32, p. 234.) In the case cited by the defendant (Chisholm v. National City Bank, of N. Y., 176 Misc. 208), it clearly appears that the defendant there “ incurred no new obligation ” (p. 209). Here defendant concededly signed the contract. Under such circumstances he can be held personally liable. (East Riv. Sav. Bank v. 245 Broadway Corp., 284 N. Y. 470, 476-477, 479.) Insofar as defendant seeks an order dropping him from the case individually, the motion is denied.
The complaint amply shows that whatever disability defendant may have been under at the time he signed the contract, there is no question that he is able to perform the contract at this time. Section 225 of the Surrogate’s Court Act provides that an administrator c. t. a. has the right and powers and is subject to the s'ame duties as if he had been named executor in *188 the will. He may execute a power of sale if the will contained one. Such sale may be public or private and on terms as he deems most advantageous to the estate. (Decedent Estate Law, § 110.) It is apparent that the complaint states a cause of action, and the motion to dismiss for insufficiency is denied.
Defendant’s contention that this court is without jurisdiction is likewise without merit. This court has jurisdiction over an action for specific performance. It also has jurisdiction of the parties to this action. As noted above, defendant is personally liable for contracts made by him. It follows that that branch of the motion must also be denied. (Karp v. Twenty-Three Thirty Ryer Corp., 55 N. Y. S. 2d 856; Matter of Donnelly v. Congdon, 244 App. Div. 595.)
Defendant’s motion is, therefore, denied in all respects.
Submit order.