HON. HARRY GOLD Counsel, Kingston Housing Authority
This is in response to your letter wherein you ask for an opinion of the Attorney General as to whether the Kingston Housing Authority may, by resolution, require all employees subsequently hired by it to be residents of the City of Kingston.
Chapter 913 of the Laws of 1957 added Title 31 to the Public Housing Law as section 434 thereof, which provides in part:
 "A municipal housing authority, to be known as the Kingston Housing Authority, is hereby created and established for the city of Kingston in the county of Ulster for the accomplishment of any or all of the purposes specified in article eighteen of the constitution of the state of New York. It shall constitute a body corporate and politic, be perpetual in duration and consist of five members. * * *" (Emphasis supplied.)
Public Housing Law, § 32(1), provides in part:
 "* * * An authority shall select from among its members a vice-chairman, and it may employ, subject to the provisions of the civil service law applicable to the municipality in which it is established, a general manager, a secretary, technical experts and such other officers, agents and employees as it may require, and determine their qualifications * * *." (Emphasis supplied.)
Civil Service Law, § 2(9), provides:
 "9. The term `appointing authority' or `appointing officer' means the officer, commission or body having the power of appointment to subordinate positions."
Prior to 1963, Civil Service Law, § 23(4), provided in part:
 "* * * Any appointing authority at its election may require that certifications for appointments to positions under its jurisdiction shall be limited to residents of the city or civil division in or within which appointments are to be made or to residents of the county or judicial district in which said city or civil division is located, or to any reasonable combination of political subdivisions both in and outside of New York state contiguous to the city or civil division in which appointment is to be made or contiguous to the political subdivision in which such city or civil division is located." (Emphasis supplied.)
Chapter 357 of the Laws of 1963 deleted the above-quoted portion of subdivision 4 of section 23 and added a subdivision 4-a to section23 of the Civil Service Law, which now provides in part:
 "* * * An appointing authority of a department or agency of a city or civil division may require that eligibles who are residents of such city or civil division shall be certified first for appointment, provided, however, no such preference shall be given on appointments from promotion lists. Upon exhaustion of the list of such resident eligibles, certifications shall be made from the whole eligible list. This subdivision shall not be deemed to supersede any general or special law pertaining to residence qualifications of local officers or employees." (Emphasis supplied.)
In commenting upon section 23(4-a) of the Civil Service Law, we stated in 1975 Atty Gen [Inf Opns] 136:
 "It is our opinion that the board of commissioners of a fire district functioning under Article 11 of the Town Law does not have authority to adopt residency restrictions relating to employees of the fire district but that such restrictions may be adopted by the state or municipal civil service commission (or personnel officer) in relation to a paid fireman employed by such a fire district. Note that the residency restrictions can only apply at the time of appointment and not thereafter. Nevertheless, even in the absence of such restrictions, Civil Service Law, § 23, subdivision 4-a, permits the board of commissioners of the fire district, the `appointing authority', to require that eligibles who are residents of the fire district be certified first for appointment. However, the preference does not extend to promotional positions. Civil Service Law, § 23, subdivision 4-a; Matter of Giacobbe v Onondaga County Civil Service Commission, 21 Misc.2d 186
(1959)."
From all of the foregoing, we conclude that the Kingston Housing Authority may, by resolution, require that candidates eligible for employment, who are residents of the City of Kingston, shall be certified first for appointment, but upon exhaustion of the list of such resident eligibles certifications shall be made from the whole eligible list. Such resolution shall not be deemed to supersede any general or special law pertaining to residence qualifications of local officers or employees.